IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD LAVONTE BLANKS, SR.,  *

    Petitioner,  *

v.  * CIVIL ACTION NO. JFM-16-0624

WARDEN GRAHAM, et al.,  *

    Respondents.  *
******

## MEMORANDUM

On March 3, 2016, Richard Lavonte Blanks, Sr., filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his conviction and sentence for first and second degree murder and first degree assault entered in the Circuit Court for Worcester County.[1] ECF 1.[2] Respondents filed an Answer which solely addresses the timeliness the petition. ECF 5. Petitioner was advised of his opportunity to file a reply. ECF 6. This he has done. ECF 9.[3] The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons to follow, the petition will be denied and dismissed with prejudice.

---

[1] The petition, received on March 3, 2016, is dated February 27, 2016 and is deemed filed on that date. The "mail box rule" applies to prisoner § 2254 motions. *Houston v. Lack*, 487 U.S. 266 (1988). An inmate's petition is timely if deposited in the prison's internal mailing system on or before the last day for filing. Rule 3 (d) *Rules Governing Section 2254 Proceedings*.

[2] Citation is to the court's electronic docket.

[3] Petitioner also filed a Motion to Obtain Copy of Search Warrant (ECF 7) and Motion to Exclude and Dismiss DNA Evidence. ECF 8. Given that the petition is time barred, the motions shall be denied.

**Procedural History**

After a jury trial in the Circuit Court for Worcester County, petitioner was convicted of first degree murder. ECF 5-1 p. 4, ECF 5-2. He was sentenced on June 4, 2010, to life imprisonment. ECF 5-1, p. 16. Petitioner filed a motion for modification of sentence on September 2, 2010, which was denied on September 21, 2010. *Id.*, pp. 17-18.

Petitioner noted a timely direct appeal. The appeal was denied by the Court of Special Appeals on February 28, 2012. ECF 5-2. Petitioner's request for further review was denied on May 14, 2012, by the Court of Appeals of Maryland. ECF 5-1, p. 18. Petitioner did not seek further review in the Supreme Court. As such, his judgment became final for direct appeal purposes on August 14, 2012. *See* Sup. Ct. Rule 13.1. (requiring petition for writ of certiorari be filed within 90 days of the judgment from which review is sought).

Petitioner filed a second Motion for Reduction and/or Modification of Sentence on March 11, 2013. ECF 5-1, p. 18.

On September 20, 2013, petitioner submitted a collateral attack on his conviction by filing a petition for post conviction relief in the Circuit Court for Worcester County. *Id.* On January 29, 2015, petitioner was granted a belated application for panel review of his sentence. Post-conviction relief was denied in all other respects. *Id.* Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals of Maryland on December 14, 2015. ECF 5-1, p. 23. The Court's mandate issued on January 13, 2015. ECF 5-3.

## Analysis

Title 28 U.S. C. § 2244(d)[4] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

The statute of limitations began to run in petitioner's case on August 9, 2012, when his direct appeal concluded. Petitioner did not institute state post conviction proceedings until over 13 months later, on September 20, 2013. Petitioner's second motion for modification of sentence filed on March 11, 2013, was not a properly filed collateral proceeding, as under Maryland law, such motions must be filed within 90 days of sentencing. *See* Md. Rule 4-345(e).

---

[4]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As such, there were no properly filed post conviction or other collateral proceedings pending in state court from August 9, 2012 through September 20, 2013, a period in excess of one year, which would have tolled the limitations period. Accordingly, the statute of limitations for his federal habeas petition expired before petitioner instituted his state post-conviction proceedings and the instant petition is time barred under 28 U.S.C. § 2244(d).

In *Holland v. Florida,* 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 633. The Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson,* 209 F.3d 325, 329-30 (4th Cir. 2000).[5]

Petitioner offers no arguments in support of his bald claim for equitable tolling. ECF 13. Petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n,* 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation); *Rouse v. Lee,* 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis,* 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson,* 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the

---

[5] *See also Lusk v. Ballard,* 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris,* remains virtually unchanged after *Holland.*)

law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). The court does not find petitioner entitled to equitable tolling. Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant...If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate order follows.

_____  
Date

_____  
J. Frederick Motz  
United States District Judge